**Elizabeth BEAUSOLEIL et al.**

v.

**Matthew VOLLUCCI.**

**No. 97–267–Appeal.**

Supreme Court of Rhode Island.

April 28, 1998.

Merrill J. Friedemann, Aram R. Schefrin, Providence.

Kevin S. Cotter, Richard A. Van Tienhoven, Providence.

## ORDER

This case came before the Supreme Court on April 6, 1998, pursuant to an order directing both parties to appear and to show cause why the issue presented by this appeal should not be summarily decided. Having read the parties' memoranda and listened to their arguments we perceive that cause has not been shown and we shall therefore proceed to decide the merits of the appeal at this time.

In the course of an approximately two-month period, plaintiff Elizabeth Beausoleil (Beausoleil) was involved in two separate rear-end motor vehicle accidents in which her car was struck from behind by two separate defendants. Both cases were consolidated and tried before a single jury, which found for defendants in both case. Beausoleil moved a new trial in both cases and, following counsels' arguments, the trial justice denied Beausoleil's motion concerning the first case, but granted the motion for a new trial with regard to the second case. Matthew Vollucci (Vollucci), who was the defendant in the second accident, has appealed the granting of a new trial in Beausoleil's favor and the only issue before this Court is whether the trial justice erred in this ruling. With regard to this second accident the following testimony was elicited.

Beausoleil testified that she was traveling on Route 5 in Warwick when she approached two sets of lights in close proximity to each other. Beausoleil testified that after noticing that the first light had turned yellow, she slowed and came to a stop at the second light. Beausoleil then testified that after she had stopped at the second light, Vollucci hit her from behind.

At trial Vollucci, who at that time was 78 years old, admitted to read-ending Beausoleil's vehicle, although he offered different versions on the events leading to the accident. Vollucci testified at his deposition that Beausoleil slammed on her brakes and stopped abruptly. Vollucci added at trial that his car appeared to have skidded on some sand before hitting Beausoleil and that at the time of the collision his vehicle was traveling at walking speed.

During cross-examination, however, Vollucci testified that he could not recall how far behind Beausoleil he was traveling, even though he had previously stated at his deposition that he was two car lengths behind Beausoleil. Vollucci recounted that he first noticed Beausoleil's vehicle only when her brake lights went on and that at this point both vehicles were traveling between twenty and thirty miles her hour.

Despite the trial justice's instruction consistent with this Court's opinion in *Rivard v. Plante*, 80 R.I. 312, 96 A.2d 644 (1953), in which this Court observed a rebuttable presumption of negligence against the driver of the rear-car involved in a rear-end collision, the jury returned a verdict for Vollucci. Subsequently, Beausoleil filed a motion for a new trial. The trial justice reasoned that "the Court cannot, applying all of its reasoning ability, come to understand how the jury could have reached the verdict that it did." As a result, the trial justice granted Beausoleil's motion and Vollucci filed this appeal.

It is well settled that on a motion for a new trial if the trial justice has reviewed the evidence and the credibility of the witnesses, exercised his or her independent judgment, and has made a determination concerning the motion for a new trial, that determination will be accorded great weight on appeal and will not be disturbed unless the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *See Pantalone v. Advanced Energy Delivery Systems, Inc.*, 694 A.2d 1213, 1216 (R.I.1997).

Here, after arguments by both counsel concerning the motion for a new trial, the trial justice adopted the parties' arguments and determined that considering the speed that Vollucci admitted he was traveling, a reasonable juror could not find that "there was in fact no negligence on the part of Mr. Vollucci." After reviewing the record in this case we conclude that the trial justice's exercise of his independent judgment was not clearly erroneous.

Consequently, the defendant's appeal is denied and dismissed. The judgment appealed from is affirmed and the papers in this

case are hereby remanded to the Superior Court.